# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2011

No. 09-60850

Lyle W. Cayce
Clerk

ESTATE OF WILLIE MAE MOORE,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant-Third Party Plaintiff –
Appellee Cross-Appellant,

v.

ROBERT SCHMIDT; PUBLIC PAY PHONE COMPANY,

Third Party Defendants –
Appellants Cross-Appellees.

Appeals from the United States District Court
for the Northern District of Mississippi, Greenville Division
4:07-cv-5-mpm

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Public Pay Phone appeals the district court's summary judgment on Wal-Mart's indemnification claim for attorneys' fees. Wal-Mart sought to recover the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

costs of defending the personal injury suit brought by Plaintiff Willie Mae Moore, who alleged that a piece of the wooden casing around a pay phone in the store's customer service department fell and injured her foot. Public Pay Phone installed and maintained the phone, pursuant to an agreement with Wal-Mart. Under that agreement, Public Pay Phone promised to indemnify Wal-Mart for lawsuits related to the phone in certain circumstances. The indemnification provision does not apply, however, "in the event the injury or damage arises out of or is caused by the negligence or willful conduct of Wal-Mart." Following the jury verdict for Wal-Mart on the underlying personal-injury action, the district court granted summary judgment on the indemnification claim, requiring Public Pay Phone to pay Wal-Mart's attorneys' fees relating to the action.

We review a district court's summary judgment *de novo*. *Rivers v. Cent. & S.W. Corp.*, 186 F.3d 681, 683 (5th Cir. 1999). Summary judgment is appropriate when "there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) (quoting Fed. R. Civ. P. 56(a)). We take all the facts and evidence in the light most favorable to Public Pay Phone, the nonmoving party. *Id.*

Summary judgment is inappropriate in this case because genuine issues of material fact remain as to whether Wal-Mart was negligent, which would preclude indemnification under the terms of the agreement. Public Pay Phone presented evidence that a Wal-Mart employee had reported the damaged condition of the phone casing to her supervisor at least a week before the accident, yet Wal-Mart never informed Public Pay Phone of the need for repairs until after the accident. On the other hand, Wal-Mart presented evidence that none of the store's managers knew about the damage prior to the accident, but that a representative of Public Pay Phone had visited the store and observed the damage before the accident.

No. 09-60850

In the face of this factual dispute, Wal-Mart emphasizes the jury's verdict, apparently believing that it establishes that Wal-Mart was not negligent. The jury made no such finding, however. The jury rendered only a general verdict: "We, the jury, find for the Defendant." Such a verdict indicates merely that the plaintiff failed to prove an essential element of her claim.[1] As a result, "[w]ithout specific jury findings, no one can logically or realistically draw any factual finding inferences." *United States v. Watts*, 519 U.S. 148, 155 (1997) (internal quotation marks and citation omitted). Thus, the jury's verdict does not resolve the material factual dispute in this case. Because such a dispute precludes summary judgment, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

[1] Indeed, a jury note suggests that the jury was considering whether plaintiff had been injured at all: "Did the plaintiff's lawyer *have to prove* that Mrs. Moore was actually hurt by the falling shelf on April 22, 2006?" The jury's question nicely illustrates the flaw in Wal-Mart's argument. If the jury found that the plaintiff's proof failed on the issue of actual injury, it would not even need to consider whether Wal-Mart acted negligently to find for Wal-Mart.